## HEIRS OF MARY CLARK *v.* MYRA CLARK GAINES.

It is a sufficient ground for the institution of a suit in a State Court to avoid a will and the probate of the same on proper allegations, that, under the established and settled jurisprudence of the Supreme Court of the United States, the United States Courts will not entertain enquiry into the validity of the will after the probate thereof in a State Court, and that the party causing the will to be probated is fradulently endeavoring to evade the examination of all questions touching the validity and existence of the will by suits instituted in the Circuit Court of the United States.

In all cases an action to set aside a will which had been probated, involves the reversal of the decree of probate, the probate being merely ancillary to the will.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
J. *Livingston*, for plaintiffs and appellants. *Smiley & Perin*, *Moïse & Randolph* and *P. E. Bonford*, for defendant.

BUCHANAN, J. The plaintiffs, who are all residents of other States of the Union, and of foreign countries, allege themselves to be the representatives of the late *Daniel Clark's* mother, who was his instituted heir under a will admitted to probate and execution, many years ago, as his last will; that the defendant has lately caused another will, which she alleged to be lost or destroyed, to be probated by judgment of this court, as *Danial Clark's* last will, whereby the plaintiffs' rights are injuriously affected. Plaintiffs allege that 'the proceedings of the defendant in the premises were fraudulent; that *Daniel Clark* left no will posterior to the will of 1811, which instituted his mother as his universal legatee; that said *Clark* was never married, and that defendant

is not his legitimate child, as asserted in the pretended lost will of 1813, which she has caused to be probated; that *Daniel Clark's* mother was not only his testamentary heir, but his forced heir; and that the defendant is fraudulently endeavoring to evade the examination of these questions touching the existence and validity of the pretended will of 1813, under which she claims, by instituting suits, (since the rendition of the judgment of this court, ordering the probate of said will,) in the Circuit Court of the United States for this district; in which suits defendant claims all the property that belonged to *Daniel Clark* in his lifetime, from parties now in possession of said property; the said Circuit Court of the United States being a court which, under the established and settled jurisprudence of the Supreme Court of the United States, cannot, and will not entertain any enquiry into the validity of the pretended will of 1813, as the last will of *Daniel Clark*, after the probate of the will in the State Court. And plaintiffs charge these proceedings in the Federal Court to be a fraud upon the decree of this court, which reserved specially to any one who had or has an interest in contesting the said will of 1813, the right to do so, notwithstanding the probate of the same. Plaintiffs allege further, that they are forced to institute suit in the State Court to avoid the pretended will of *Daniel Clark* and the probate of the same, inasmuch as they cannot appear in the Circuit Court of the United States and set up any answer or exception to the chancery suits there pending as aforesaid. The petition of plaintiffs concludes by praying that defendant be cited, and after due proceedings that the decree admitting to probate the will of *Daniel Clark* of 1813, under which defendant claims, be annulled and avoided, and for all other relief that the nature of the case may require, and law and equity will permit.

To this petition defendant has filed the following exceptions:

1st. That the District Court is without jurisdiction to annul the decree admitting the will of *Daniel Clark*, of 1813, to probate.

2d. That the petition discloses no cause of action.

3d. That the allegations of the petition are vague and uncertain.

I. The first exception is based upon the fact, that the decree in question was not a judgment of the District Court in which the action of nullity was instituted, but a decree of the Supreme Court on appeal from a judgment of the District Court, and which reversed the judgment of the District Court. Without going into the enquiry of the admissibility of such an action in general, it suffices on the present occasion to say that the decree of the Supreme Court, which it is the object of this suit to annul, is one which upon its face invited contestation; for it reserved, by its terms, the right to attack the will probated, not only to all persons who were not parties to the proceedings for the probate of the will, but even to one who was a party to those proceedings, opposing the same. The words of the decree were, "reserving to the said *Richard Relf* the right, if any he have, to oppose said will in any manner allowed by law, as fully as he could have done had he not been a party to these proceedings." 11th An. 135.

And in this case the proceedings to probate the will cannot be separated from the will itself.

For the will probated was a will lost or destroyed; a will which is not in existence, and of which the only record is in the testimony of witnesses as to its contents, and the decree rendered upon such testimony in the proceeding in question. In all cases the action to set aside a will, which had been probated,

(an action of which the admissibility cannot be questioned, and of which we decided one, *Graves* v. *McGehee*, a few weeks since,) involves the reversal of the decree of probate—the probate being merely ancillary to the will; but in this particular case it so happens that the will and its probate are simultaneous and co-existent. To refuse, therefore, to the plaintiffs the right of action to set aside the probate of this lost will, would be in fact to deny them the remedy which the very decree of probate purported to secure to them. It is not in this court that such an argument should meet with any favor. Our decree in the case of the *Succession of Clark*, 11th An., meant what it expressed. Our reservation of the rights of all parties in interest was substantial, not illusory.

II. The allegations of the petition which we have copied above, disclose, to our apprehension, a cause of action.

III. Those allegations are sufficiently explicit to put the defendant upon her defense. Certain facts are categorically stated, the non-existence of a will of *Daniel Clark* subsequent to that of 1811; the illegitimacy of defendant; the institution of suits by defendant in the Circuit Court; the impossibility of contesting the will under which the defendant claims in that court; the fraudulent purpose of defendant in the institution of the suits in the Circuit Court; the inability of these plaintiffs to become parties to those suits: all of which must be taken for true, for the purpose of deciding upon these exceptions.

It is, therefore, adjudged and decreed that the judgment of the District Court be reversed; that the exceptions of defendant to the actions of plaintiffs be overruled; that this cause be remanded to the District Court to be proceeded in according to law, and that the appellee pay costs of appeal.

MERRICK, C. J. The plaintiffs in this action were not parties to the proceeding in which the will of 1813 was admitted to probate. They are, therefore, not only not concluded by the decree, but their right to contest the will in a direct action was expressly conceded in the opinion and reasoning of the court in that case, 11 An. 131. The only advantage the defendant gained by the decree, as between these parties, was the *status* of universal legatee, which throws the burden of proof upon the party seeking to deprive her of her position as such.

On looking into plaintiff's petition in order to ascertain whether the allegations therein are sufficient to maintain the action if established, I find, among much vagueness and irrelevant matter, the direct averment that *Daniel Clark* left no will posterior to the will of 1811. This averment can be established by showing that the supposed will of 1813 was a forgery, or that the testimony of the witnesses on which the same was admitted to probate was false. This proof the plaintiffs are entitled to administer, and their action ought to have been entertained in order that they might produce it if they are able, and the action be proceeded in as in other cases.

Holding these views, I concur in the decree.

Mr. Justice COLE concurred in this opinion.